UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PATRICK WELLS,   CIVIL CASE NO. 04-CV-71930-DT
HONORABLE GERALD E. ROSEN
UNITED STATES DISTRICT JUDGE

    Petitioner,

v.

PAUL RENICO,

    Respondent,
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Patrick Wells, ("Petitioner"), an inmate at the Mound Correctional Facility in Detroit, Michigan, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for assault with intent to commit murder, M.C.L.A. 750.83; unlawfully driving away an automobile, M.C.L.A. 750.413; and being a fourth felony habitual offender, M.C.L.A. 769.12.  For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

### I. Background

Petitioner was convicted of the above offenses following a jury trial in the Kent County Circuit Court.  Petitioner filed a claim of appeal in the Michigan Court of Appeals, in which he raised the following issues:

    I. Defendant was denied a fair trial and the effective assistance of

1

counsel by his attorney's advice and decision not to request instructions on lesser included offenses on the assault with intent to murder charge.

II.  Defendant was denied a fair trial by the introduction and argument of evidence of prior assaultive behavior; defense counsel's failure to object or otherwise protect defendant constituted ineffective assistance.

III.  Defendant was denied a fair trial by the prosecutor arguing her personal opinions as to credibility, and by introducing and arguing the complainant's prior consistent statements as proof of her veracity; defense counsel's failure to object constituted ineffective assistance of counsel.

Petitioner's conviction was affirmed on appeal. *People v. Wells,* 230375 (Mich.Ct.App. July 26, 2002).

Petitioner subsequently filed an application for leave to appeal to the Michigan Supreme Court, in which he raised the three identical claims that he had presented to the Michigan Court of Appeals.  The Michigan Supreme Court denied petitioner leave to appeal. *People v. Wells,* 468 Mich. 876; 659 N.W. 2d 238 (2003).

On April 30, 2004, petitioner filed the instant application for a writ of habeas corpus. [1]  In his application, petitioner seeks habeas relief on the following grounds:

I. Unconstitutional failure of the prosecution to disclose to the

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on April 30, 2004, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Brown v. McKee,* 232 F. Supp. 2d 761, 764, n. 1 (E.D. Mich. 2002).

2

defendant evidence favorable to the defendant.

II. Denial of effective assistance of counsel.

Respondent has now filed an answer to the petition for writ of habeas corpus, which this Court construes as a motion to dismiss on the ground that petitioner has failed to exhaust his claims in the state courts. See *Alvarez v. Straub*, 64 F. Supp. 2d 686, 689 (E.D. Mich. 1999)(construing as a motion to dismiss respondent's answer which did not address the merits of the habeas petitioner's claims but only argued that the claims were procedurally defaulted).

## II. Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-278 (1971). Federal courts will not review a habeas corpus petition when a state prisoner has not first presented his claims to the state courts and exhausted all state court remedies available to him. *Rogers v. Howes*, 144 F. 3d 990, 992 (6th Cir. 1998). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. See *Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). As a general rule, a federal district court should dismiss a

3

habeas petition that contains unexhausted claims. *See Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).

In the present case, petitioner has not presented either of his claims to the state courts. The mere fact that petitioner raised different prosecutorial misconduct and ineffective assistance of counsel claims before the Michigan Court of Appeals or in his application for leave to appeal with the Michigan Supreme Court would not satisfy the exhaustion requirement.

The federal courts do not have jurisdiction to consider a claim in a habeas petition that was not fairly presented to the state courts, and a claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his claim to the state courts. *McMeans v. Brigano*, 228 F. 3d 674, 681 (6th Cir. 2000). The doctrine of exhaustion requires that the same claim under the same theory be presented to the state courts before it can be raised in a federal habeas petition. *Wong v. Money*, 142 F. 3d 313, 322 (6th Cir. 1998).

In the present case, petitioner raised several prosecutorial misconduct claims on his direct appeal, but he did not raise a claim of prosecutorial misconduct involving the use of perjured testimony, the claim that he is raising in his petition. The doctrine of exhaustion requires that a prosecutorial misconduct claim be presented to the state courts under the same theory as the prosecutorial misconduct claim being raised in the habeas petition. *See Williams v. Bagley,* 380 F. 3d 932, 969 (6th Cir. 2004); *cert. den. sub nom Williams v. Bradshaw,* 125 S.

Ct. 1939 (2005). Because petitioner's current prosecutorial misconduct claim is based on a different theory than the prosecutorial misconduct claims which were raised in the state courts, petitioner's prosecutorial misconduct claim has not been fairly presented to the state courts. *Id.; Taylor v. Mitchell,* 296 F. Supp. 2d 784, 815 (N.D. Ohio 2003); *See also United States ex. rel. Winston v. Page,* 955 F. Supp. 952, 957 (N.D. Ill. 1997)(district court precluded from reviewing petitioner's perjury claim, where it had not been fairly presented to the state courts on direct review).

Petitioner's ineffective assistance of counsel claims, which allege that counsel failed to inform the jury that the two main witnesses were giving false testimony, and that a doctor had made statements on petitioner's behalf, are also unexhausted, because these claims were never presented to the state courts. A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990). Because these ineffective assistance of counsel claims are different than the ineffective assistance of counsel claims presented during petitioner's direct appeals process, these claims have not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *Mohn v. Bock,* 208 F. Supp. 2d at 800.

Petitioner has an available state court remedy with which to exhaust his claims. Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could therefore exhaust his claims by filing a post-conviction motion for relief from judgment with the Kent County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (c). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. This Court is aware that a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, in order to avoid the petitioner from being time-barred pursuant to the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See Rhines v. Weber,* 125 S. Ct. 1528 (2005). However, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of

6

petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Hust v. Costello,* 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004).

There is however, an equitable remedy available to petitioner. In *Hargrove v. Brigano*, 300 F. 3d 717, 719-721 (6th Cir. 2002), the petitioner sought habeas relief on the grounds of constitutionally insufficient evidence. *Id.* at 718. Since the *pro se* petitioner had never filed an appeal, the district court dismissed the petition without prejudice, in order for the petitioner to exhaust his state remedies. *Id*. The district court, acting prospectively, ordered the tolling of the AEDPA limitations period, effective the date the petition was filed, conditioned on the petitioner's pursuing his state remedies within 30 days of the dismissal and returning to federal court within 30 days after exhaustion. *Id.* The warden challenged this order, but the Sixth Circuit Court of Appeals found that "the decision to equitably toll the petition was reasonable under the circumstances of this case and under the conditions set forth by the district court." *Id.* at 719.

In this case, petitioner promptly filed his petition for writ of habeas corpus with this Court. Nor can this Court conclude that petitioner's claims are plainly meritless. For these reasons, this Court shall adopt the equitable tolling timing solution, as well as the safeguards, approved by the Sixth Circuit in *Hargrove.* The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from April 30, 2004, the date petitioner filed his petition, until

7

petitioner returns to federal court. This tolling of the limitations period is contingent upon petitioner complying with the conditions indicated below.

### III.  ORDER

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) is tolled from April 30, 2004, until the time petitioner returns to federal court to pursue habeas corpus relief, provided that petitioner files a Motion for Relief from Judgment in the Kent County Circuit Court within sixty days of this Court's order and that he returns to this Court to pursue habeas corpus relief within thirty days of exhausting state court remedies.

s/Gerald A. Rosen
**HONORABLE GERALD E. ROSEN**
**UNITED STATES DISTRICT JUDGE**

**Dated:** 10/31/05